**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHANNA ABAYEVA,<br><br>Plaintiff,<br><br>-against-<br><br>FINANCIAL RECOVERY SERVICES, INC.<br><br>Defendant. | **CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff KHANNA ABAYEVA, (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorneys, Cohen & Mizrahi, LLP., against Defendant FINANCIAL RECOVERY SERVICES, INC. (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b((2).

### NATURE OF THE ACTION

3. Plaintiff brings this action on behalf of himself seeking redress for Defendant's action of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business located in Edina, Minnesota.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. On a day prior to June 12, 2018, Plaintiff directed a telephone call to Defendant, requesting both the status as to the alleged debt, and an opportunity to settle the balance in full for a reduced amount.

12. On or around June 12, 2018, Plaintiff received written correspondence from Defendant concerning the alleged debt. **Exhibit A**.

13. Said written correspondence was entitled, "Resolution Reduction Offer", and which indicated the original creditor as CitiBank (South Dakota); The Current Creditor as LVNV Funding LLC, The Account Number, and other information germane to the alleged debt, including an indication of an Amount Balance as $5,111.80.

14. The correspondence further indicated, as per the antecedent conversation between Plaintiff and Defendant, that Defendant offered to settle such alleged debt for a reduced amount of

$1,277.95, and indicated that such amount was due the following day, on June 13, 2018.

15. Plaintiff took advantage of the reduction offer by paying the reduced amount, in fact on June 13, 2018.

16. Notwithstanding Plaintiff's compliance with the settlement offer, on June 19, 2018, a Dunning Letter was sent by Defendant and received by Plaintiff, indicating that the original debt was still pendent – entitled "Assigned as a Pre-Legal Account". **Exhibit B**.

17. The Letter indicated therein Defendants' demand for the *full sum* allegedly incurred and gave the impression that failure to *repay* within 30-days, beginning on June 19, 2018, would result in a civil suit being instituted.

18. Plaintiff did not respond to Defendant's June 19, 2018 Collection Letter.

19. Defendant's actions constitute conduct highly offensive to a reasonable person, and, as a result of Defendants' behavior, Plaintiff suffered, and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

19. As set forth in the following Counts Defendant violated the FDCPA.

### First Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to the Status of the Debt

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692e(10), the false representation of, the character, amount, or legal status of any debt.

22. Defendant violated said section by sending the June 19, 2018 Collection Letter, both threatening litigation and demanding payment of the full amount of the alleged debt, despite previous payment being tendered on June 13, 2018, nullifying the collection proceedings in it's entirety.

23. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to compensation in accordance with the FDCPA. *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir. 1993) ("The FDCPA provides that any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person")

24. Moreover, Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law. See e.g., *Bell v. Northland Group,* 2018 U.S. Dist. LEXIS 63452 (E.D. Mich. April 16, 2018); *Clomon v. Jackson,* supra; *Marino v. Hoganwillig*, PLLC, 910 F.Supp.2d 492, 494 (W.D.N.Y. 2012).

**Second Count**

**15 U.S.C. § 1692e(5)**

**Threat to Take Any Action That Cannot Legally
Be Taken or that is Not Intended to be Taken**

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "20" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Plaintiff asserts that the latter June 19, 2018 collection letter violates 15 U.S.C. § 1692e(5), in that such letter, entitled "Assigned as a Pre-Legal Account", threatens Plaintiff by

4

admonishing that, "If we cannot resolve this account, our client will place the account with a law firm.". The letter further directs Plaintiff to contact Defendant's office "and make arrangements to pay your account with us before it is forwarded by our client to a licensed attorney in your state."

27. These statements are blatant threats that litigation is "likely and imminent" and yet could not legally be taken. *Vangordon v. Second Round, L.P.,* 2018 U.S. App. LEXIS 20939 (2d Cir. 2018); *Arias v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 875 F.3d 128 (2d Cir. 2017) (citing *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993)).

28. Plaintiff further contends that the language contained therein, misrepresented her indebtedness because she had settled such debt previous to the memorialization of the second Collection Letter by paying the creditor its' requested settlement amount.

## Third Count

## 15 U.S.C. § 1692f

### Prohibiting the Collection or Attempted Collection Of a Debt through Unfair or Unconscionable Means

29. The Defendant's actions in attempting to collect such alleged debt, further violated the Statutory provision of 15 U.S.C. § 1692f, by their use of unfair and unconscionable means to collect such alleged debt, as per the teachings in, for instance, *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP,* 875 F.3d 128 (2d Cir. 2017) (citing 15 U.S.C. § 1692e), and it's progeny, *Vangorden v. Second Round, LP.*, supra.

30. The FDCPA is a strict liability statute. The plaintiff need not show intentional conduct on the part of the debt collector." *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130,m 135 (2d

5

Cir. 2010). Section 1692f prohibits collecting or the attempted collection of a debt through unfair or unconscionable means. This section, as does its' counterpart (§ 1692e), contains a non-exhaustive list of unfair practices, including the collection of an invalid debt and taking or threatening to take non-judicial action to effect the dispossession of property without the legal right to do so. See, e.g., *Currier v. First Resolution Inv. Corp.* 762 F.3d 529, 534 (6th Cir. 2014) (collecting cases).

31. This Circuit has had previously determined that the terminology "unfair or unconscionable" refers to practices that are "shockingly unfair, unjust, or affronting the sense of justice, decency, or reasonableness." *Gallego v. Northland Grp. Inc.,* 814 F.3d 123, 128 (2d Cir. 2016).

32. The facts of the instant case clearly fits the scenario in *Arias*, supra; and it's progeny *Vangorden*, supra, where the courts have clearly expressed their respective displeasure of Defendants' actions in the attempted collection of consumer debts. For the reasons set forth herein, Plaintiff asserts that Defendants' actions were shockingly unfair, unjust and/or an affront to the sense of justice.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Awarding Plaintiff Statutory Damages;

    (b)    Awarding Plaintiff Actual Damages;

    (c)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

                Respectfully submitted,

                By: /s/ *Daniel C. Cohen*_____
                Daniel C. Cohen, Esq.
                Cohen & Mizrahi, LLP
                300 Cadman Plaza West, 12th Floor
                Brooklyn, New York 11223
                Phone: (929) 575-4175
                Fax: (929) 575-4195
                Email: Dan@cml.legal

                *Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                */s/ Daniel C. Cohen*_____
                Daniel C. Cohen, Esq.

Dated: Brooklyn, New York
     November 06, 2018